UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Anthony Fania, Individually And On
Behalf Of Others Similarly Situated,

  Plaintiff,

vs.           Case No: 8:22-cv-2652-MSS-CPT

Verified Docu Service, Inc.

  Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff Anthony Fania's Motion for Default Judgment. (Dkt. 13) Upon consideration of all relevant filings and case law, and being otherwise fully advised, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Default Judgment.

## I. BACKGROUND

On November 17, 2022, Plaintiff, a resident of Florida, brought this action against Defendant on behalf of herself and a class of similarly situated individuals seeking damages, an injunction, and declaratory relief for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Florida's Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. (Dkt. 1) On March 10, 2023, Plaintiff filed an affidavit of service providing that on December 19, 2022, Defendant was served with a copy of the Summons and Complaint. (Dkt. 5) To date, Defendant has

not filed an Answer or other responsive pleading in this case. On May 12, 2023, upon Plaintiff's motion and amended motion for entry of a clerk's default, the Clerk entered a default against Defendant. (Dkts. 6, 8, 10) Plaintiff now seeks entry of a final judgment of default against Defendant as to Plaintiff's individual claims pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Rule 55").[1] (Dkt. 13)

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead in response to a complaint. <u>Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.</u>, 803 F.2d 1130, 1134 (11th Cir. 1986) ("Rule 55 applies to parties against whom affirmative relief is sought who fail to 'plead or otherwise defend.'"). All well-pleaded allegations of fact are deemed admitted upon entry of default. <u>See</u> <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default alone does not require the court to enter a default judgment. <u>DIRECTV, Inc. v. Trawick</u>, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a default judgment, there must be a sufficient basis in the pleadings to support the entry of judgment. <u>Id.</u> "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." <u>Nishimatsu</u>, 515 F.2d at 1206.

---

[1] The Court notes that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff filed a notice of voluntary dismissal of the class claims raised in the Complaint. (Dkt. 14) As such, this Order only addresses the allegations Plaintiff raised on behalf of himself.

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts. See id. at 1544. A hearing is not mandatory on the issue of damages if sufficient evidence is submitted to support the claimed damages. Armadillo Distribution Enterprises, Inc. v. Hai Yun Musical Instruments Manuf. Co., 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015).

## III.   DISCUSSION

Plaintiff requests an entry of final judgment of default against Defendant for his claims asserted under Counts I and II (the TCPA claim) and Count III (the FTSA claim). Upon review, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion for Default Judgment.

### a.  Service of Process

Federal Rule of Civil Procedure 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b). Directv, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). The plaintiff bears the burden to establish proper service of process

3

upon a defendant. <u>Brown v. Care Front Funding</u>, No. 8:22-cv-2408-VMC-JSS, 2023 U.S. Dist. LEXIS 60879 at *4 (M.D. Fla. April 6, 2023), <u>report and recommendation adopted</u>, 2023 U.S. Dist. LEXIS 72933 (M.D. Fla. April 26, 2023).

Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), a corporation, partnership, or other unincorporated association located in a judicial district of the United States may be served "by delivering a copy of the summons and of the complaint to . . . any [] agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"

On May 8, 2023, Plaintiff filed a Motion for Clerk's Default against Defendant. (Dkt. 6) On May 9, 2023, Magistrate Judge Christopher P. Tuite denied Plaintiff's motion without prejudice. (Dkt. 7) Judge Tuite explained that "[t]he return of service upon which Plaintiff's motion is predicated lists the party served with the complaint as Verified Docu Serve, Inc. (5) even though Defendant is denominated as Verified Docu Service, Inc (1)." (<u>Id.</u>) Judge Tuite allowed Plaintiff until May 23, 2023, to file an amended motion for a clerk's default to address this discrepancy. (<u>Id.</u>) The next day, on May 10, 2023, Plaintiff filed an amended motion for a clerk's default. (Dkt. 8) In the amended motion, Plaintiff stated that "[d]ue to an administrative error, the proposed summons and issued summons contained a typo, which addressed the summons to 'Verified Docu Serve, Inc.' instead of the true Defendant named 'Verified Docu Service, Inc.' However, Plaintiff contends that service on Defendant was properly effectuated despite this typo since the address at which Defendant was served

4

belongs to Defendant Verified Docu Service, Inc." (Id. at 2 n.1) Counsel for Plaintiff further provided a declaration in support of the amended motion in which counsel explained that, after serving the Summons and Complaint against Defendant, he received a call from Defendant's counsel, Brent Phillips, who confirmed that Defendant had been served with the lawsuit and wanted to discuss a potential resolution. (Dkt. 8-1 at ¶ 5) Counsel for Plaintiff explains that he has not heard back from Defendant's counsel since that call, which occurred on January 20, 2023. (Id. at ¶¶ 5-6)

The Court finds that Plaintiff has carried his burden of establishing proper service upon Defendant. The Affidavit of Service provides that Plaintiff served the Summons and Complaint to "Verified Docu Serve, Inc., 1952 Roanoke Ave., Tustin, CA 92780." (Dkt. 5) While the Defendant's name in this action is denominated as "Verified Docu *Service*, Inc.," service was nonetheless proper upon Defendant. When the Complaint was filed on November 17, 2022, the agent for service of process was listed as "Hitu Bhakta" at the address "1952 Roanoke Avenue Ave., Tustin, CA 92780" according to the California Department of State Division of Corporations Website.[2] See https://bizfileonline.sos.ca.gov/search/business (last visited October 2,

---

[2] The Court takes judicial notice of record searches on the California Department of State's website, as it is the verified website of a public agency. The Federal Rules of Evidence allow a court to "judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "Public records are among the permissible facts that a district court may consider." Univ. Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006); see Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC, No. 6:11-cv-368-Orl-19GJK, 2012 U.S. Dist. LEXIS 200721, 2012 WL 13103015, at *6 (M.D. Fla. Jan. 18, 2012) ("official documents from the Secretary of State possess the 'requisite level of reliability' required for a court to take judicial notice."). A court may take judicial

2023). The Affidavit of Service states that the Summons and Complaint were served on "**Hansa Patel, Co-Occupant to Hitu Bhakta Agent for Service**, at the address of **1952 Roanoke Ave., Tustin, CA 92780**," which is the same address noted for Defendant's agent for service of process according to the California Department of State Division of Corporations Website. (Dkt. 5) (emphasis in original). Further, a bizfileonline.sos.ca.gov public records search yields no results for the misspelled entity on the Affidavit, that is "Verified Docu Serve, Inc." Rather, Defendant – Verified Docu Service, Inc. – is the only entity located at the associated address where the Summons and Complaint were served. See id.; https://bizfileonline.sos.ca.gov/search/business (last visited October 2, 2023)

As such, the Court finds that the public records search, coupled with counsel for Plaintiff's declaration that he received a call from Defendant's counsel indicating Defendant had been served with the lawsuit and wanted to discuss a potential resolution, (Dkt. 8-1), establishes that Plaintiff properly effected service on Defendant notwithstanding the minor typographical error in the spelling of Defendant's name on

---

notice of publicly filed corporate documents, "but such judicial notice must be for the purpose of noticing the statements therein, not to prove the truth of their contents." ACG S. Ins. Agency, LLC v. Safeco Ins. Co., No. 8:19-cv-528-T-36AAS, 2019 U.S. Dist. LEXIS 229659, 2019 WL 8273657, at *4 (M.D. Fla. Dec. 16, 2019) (citation and quotations omitted).

The Court also notes that, as of May 5, 2023, Defendant no longer has a registered agent for service of process. But that has no bearing on whether service of the Summons and Complaint was proper. "Hitu Bhakta" was the registered agent for service of process at the address "1952 Roanoke Avenue Ave., Tustin, CA 92780" since the company's formation on March 3, 2021, until his apparent resignation as agent for service of process on May 5, 2023. See https://bizfileonline.sos.ca.gov/search/business (last visited October 2, 2023). Because the Complaint was filed on November 17, 2022, and served upon Defendant at the above address, the Court deems service to be proper.

the Affidavit of Service. <u>See</u> <u>Malibu Media, LLC v. Danford</u>, No. 2:14-cv-511-FtM-38CM, 2015 U.S. Dist. LEXIS 13240 at *2 n.2 (M.D. Fla. Feb. 4, 2015) (acknowledging a typo in the defendant's address on the Affidavit of Service for the Summons and Complaint when compared to defendant's address listed on the certificate of service for plaintiff's motion for entry of clerk's default, but finding that the error was harmless because it "d[i]d not appear to have effected proper service as the Return of Service states that process server personally served [defendant] at the address.")

Having found that Plaintiff properly served Defendant, the Court turns to Plaintiff's specific allegations.

### b.  TCPA Claim

In Counts I and II, Plaintiff seeks damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Dkt. 1 at ¶¶ 57-68) In relevant part, the TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> …
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1)(A)(iii). In short, the TCPA forbids "any person . . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." Medley v. Dish Network, LLC, 958 F.3d 1063, 1069 (11th Cir. 2020) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)).

The TCPA further provides for damages in the form of either actual monetary loss or $500.00 per violation, whichever is greater. Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1250 (11th Cir. 2014); 47 U.S.C. § 227(b)(3)(B). "The TCPA does not require any intent for liability except when awarding treble damages." Alea London Ltd. v. Am. Home Servs., 638 F.3d 768, 776 (11th Cir. 2011) (citing Penzer v. Transp. Ins. Co., 545 F.3d 1303, 1311 (11th Cir. 2008)). If the Court finds that a defendant has willfully or knowingly violated the TCPA, then the Court may, in its discretion, award treble damages. 47 U.S.C. § 227(b)(3).

Here, Plaintiff's Complaint includes the following allegations: (1) Plaintiff received three calls from Defendant to his cellular phone, in which a prerecorded voice asked Plaintiff a few questions regarding debts and student loans before transferring him to a live agent; (2) each time Plaintiff was transferred to the live agent and began to ask questions about the business, the live agent promptly hung up on Plaintiff; and (3) Plaintiff never provided Defendant with his express written consent to be contacted. (Dkt. 1 at ¶¶ 33-44) Based on Plaintiff's allegations, which are deemed admitted by virtue of Defendant's default, the Court finds that Plaintiff has sufficiently

established his entitlement to recover against Defendant for violations of the TCPA. The Court now turns to assessing whether Plaintiff is entitled to damages under the TCPA.

Where a request for monetary relief is made, the Court may enter judgment without a hearing only if "the plaintiff's claim against [the] defendant is for a sum certain or for a sum which can by computation be made certain," "the amount claimed is a liquidated sum or one capable of mathematical calculation," or if the movant submits sufficient evidence to support the request for damages. See SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985); United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)).[3] Here, Plaintiff has requested the recovery of $500.00 for each violation as provided under the TCPA. See 47 U.S.C. § 227(b)(3)(B). Since Plaintiff received three calls from Defendant, Plaintiff requests a total of $1,500 in statutory damages. (See Dkt. 1 at ¶¶ 37, 63)

Upon review, the Court finds that a hearing is not required to determine the damages award as there is "sufficient evidence in the record to establish Plaintiff's statutory damages pursuant to the TCPA." Brown, 2023 U.S. Dist. LEXIS 60879 at *15-16 (citing Jeffery v. E. Asset Servs., LLC, No. 8:17-cv-1361-T-27-JDW-AAS, 2018 U.S. Dist. LEXIS 141720, 2018 WL 3999663, at *2 (M.D. Fla. July 27, 2018), report and recommendation adopted by 2018 U.S. Dist. LEXIS 141847, 2018 WL 3999639

---

[3] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

(M.D. Fla. Aug. 21, 2018) (awarding TCPA damages without requiring hearing)).

First, because "[t]he TCPA does not require any intent for liability except when awarding treble damages," the Court finds Plaintiff is entitled to $500 for each of Defendant's three calls to Plaintiff's cellular phone in violation of the TCPA, for a total of $1,500. See Alea London Ltd., 638 F.3d at 776 (citing Penzer, 545 F.3d at 1311). Accordingly, the Court **GRANTS** default judgment as to Count I.

However, default judgment is **DENIED** as to Count II. In Count II, Plaintiff seeks treble damages, which as explained above, a court may issue, in its discretion, if it finds that a defendant "willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3). "The requirement of 'willful[] or knowing[]' conduct requires the violator to know he was performing the conduct that violates the statute." Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1107 (11th Cir. 2015). As such, to violate section 227(b)(1)(A)(iii), a defendant must know (1) that it is using an "automatic telephone dialing system or an artificial or prerecorded voice"; (2) to make a "call"; and (3) that the call is directed toward a "telephone number assigned to a . . . cellular telephone service." See id.

Courts in this district have awarded treble damages where a plaintiff has adequately alleged that a defendant continued to contact plaintiff after explicitly being told by plaintiff to stop calling. See, e.g., Milana v. Deca Fin. Servs., LLC, No. 8:18-cv-450-T-33TGW, 2018 U.S. Dist. LEXIS 127179 at * 8 (M.D. Fla. July 30, 2018) (awarding treble damages to plaintiff after plaintiff revoked consent by "previously instruct[ing] Defendant to stop calling her"); Consentino v. Cont'l Fin. Co., No. 8:16-

cv-2808-T-35AAS, 2017 U.S. Dist. LEXIS 234066 at *8-9 (M.D. Fla. May 10, 2017) (awarding treble damages after finding plaintiff's allegation that he expressly told defendant to stop calling his cell phone "sufficient to establish that defendant knew it did not have consent to call Plaintiff's cell phone"); Gambon v. R & F Enters., Inc., No. 6:14-cv-403-ORL-18, 2014 U.S. Dist. LEXIS 179125 at *14 (M.D. Fla. Jan. 5, 2015) (awarding treble damages after finding plaintiff made multiple requests to Defendant to be removed from Defendant's automatic telephone dialing system, but Defendant "continued to place automated calls to Plaintiff's cell phones").

Plaintiff's allegations, by contrast, fail to demonstrate Defendant "willfully or knowingly violated" the TCPA. Plaintiff alleges he received three prerecorded calls from Defendant. (Dkt. 1 at ¶¶ 33-37). Each time, at the conclusion of the recording, he was transferred to a live agent. (Id. at ¶¶ 34-36) Plaintiff claims that he would then ask the live agent for the name of the company that was calling his phone or ask questions about the business, but each time the live agent promptly hung up. (Id.) These allegations do not establish that Defendant's conduct was "willful[] or knowing[]." See 47 U.S.C. § 227(b)(3). Notably, unlike the cases mentioned above, Plaintiff does not allege that he expressly told Defendant to stop calling him, yet Defendant persisted. Cf. Milana, 2018 U.S. Dist. LEXIS 127179 at * 8; Consentino, 2017 U.S. Dist. LEXIS 234066 at *8-9; Gambon, 2014 U.S. Dist. LEXIS 179125 at *14. Further, unlike Consentino, in which this Court found that a plaintiff had adequately alleged a "willful[] or knowing[]" violation because "[d]efendant's corporate policy was to initiate calls to individuals using an automated telephone dialing system and/or a

prerecorded or artificial voice message," no such allegation has been pled here. Consentino, 2017 U.S. Dist. LEXIS 234066 at *8. In short, Plaintiff's allegations, without more, are insufficient to establish that Defendant "willfully or knowingly" violated the TCPA. 47 U.S.C. § 227(b)(3).

Further, "even in TCPA cases where plaintiffs have expressly stated to defendants that they do not want to be contacted, 'when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages.'" Brown, 2023 U.S. Dist. LEXIS 60879 at *17 (collecting cases). As such, the Court finds that Plaintiff is entitled to $500 for each of Defendant's three calls to Plaintiff in violation of the TCPA for a total of $1,500 under Count I. Plaintiff is not entitled to an award of treble damages under Count II.

### c. FTSA Claim

In Count III, Plaintiff alleges Defendant has "violated Fla. Stat § 501.059(8)(A) and Fla. Stat § 501.059(1)(G) by using an automatic telephone dialing system and/or pre-recorded voice messages to make non-emergency telephone calls to the cell phone[] of Plaintiff . . . without [his] prior express written consent." (Dkt. 1 at ¶¶ 69-73)

Section 501.059(8)(a) provides that "a person may not make or knowingly allow to be made an unsolicited telephonic sales call if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a). "Section 501.059(1)(g),

in turn, provides the requirements for a written agreement to establish the 'prior express written consent' of the called party. Id. § 501.059(1)(g)." Brown, 2023 U.S. Dist. LEXIS 60879 at *8.

The FTSA defines "telephonic sales call," in pertinent part, as a telephone call "to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j). "Consumer goods or services," in turn, is defined as "real property or tangible or intangible personal property that is normally used for personal, family, or household purposes." Id. § 501.059(1)(c). An unsolicited telephonic sales call "means a telephonic sales call other than a call made . . . [p]rimarily in connection with an existing debt or contract, if payment or performance of such debt or contract has not been completed at the time of such call." Id. § 501.059(1)(k)(2).

Plaintiff's allegations as it relates to his FTSA claim are not sufficiently well-pled to provide a basis for the Court to find that by its default Defendant has admitted it made an "unsolicited telephonic sales call" in violation of the FTSA. Plaintiff alleges that when he answered the three calls he received from Defendant, the prerecorded voice "asked [him] questions regarding debts and student loans." (Dkt. 1 at ¶ 33; Dkt. 13-1 at ¶¶ 4-7) Plaintiff claims that the live agent to whom he was transferred "promptly hung up" each time Plaintiff tried to question who was calling him and for what purpose. (Dkt. 1 at ¶¶ 33-37; Dkt. 13-1 at ¶ 8) Plaintiff does not allege whether

the live agent questioned him about any existing debt he may have owed such that it could be deemed a solicitation phone call. <u>See</u> Fla. Stat. § 501.059(1)(k)(2).

Plaintiff states, for the first time in his Motion for Default Judgment, that "[t]he purpose of Defendant's calls was to solicit personal loans, which is a consumer service." (Dkt. 13 at 8) But Plaintiff did not allege as such in his Complaint. (Dkt. 1) Instead, Plaintiff alleges that Defendant violated the FTSA by "by using an automatic telephone dialing system and/or pre-recorded voice messages to make *non-emergency telephone calls* to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent." (Dkt. 1 at ¶¶ 72) (emphasis added) However, unlike the TCPA, which prohibits a defendant from making any non-consensual, non-emergency call to a plaintiff, the FTSA proscribes non-consensual "telephonic sales calls." <u>Compare</u> 47 U.S.C. § 227(b)(1)(A)(iii) <u>with</u> Fla. Stat. § 501.059(8)(a). As such, Plaintiff's claim and Defendant's admission by default that Defendant made "non-emergency" calls to him are insufficient to prove the FTSA Count. (Dkt. 1 at ¶¶ 72)

### d. Attorney's Fees and Costs

As an initial matter, "[t]he TCPA does not provide for an award of attorneys' fees in a private action." <u>Brown</u>, 2023 U.S. Dist. LEXIS 60879 at *18-19 (citing 47 U.S.C. § 227; <u>Brooks v. Caliber Home Loans, Inc.</u>, No. 8:17-cv-1247-T-27AEP, 2017 U.S. Dist. LEXIS 134317, 2017 WL 3634606, at *2 (M.D. Fla. Aug. 22, 2017)). Thus,

Plaintiff's request for attorney's fees only concerns his FTSA claim. (Dkt. 13); Fla. Stat § 501.059(11)(a).

Fla. Stat. § 501.059(11)(a) provides that "[i]n any civil litigation resulting from a transaction involving a violation of this section, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla Stat. § 501.059(11)(a). For the reasons explained above, however, there is not a sufficient basis in the pleadings to support the entry of judgment as it relates to Plaintiff's FTSA Claim under Count III. Thus, Plaintiff's request for attorney's fees is due to be **DENIED**.

Plaintiff further seeks $472.04 in taxable costs, which includes a filing fee, service of process charges, and mailing/postage costs. (Dkt. 13 at 18; Dkt. 13-2 at ¶ 45) Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party . . . . The clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 provides the costs that a judge or clerk of any court of the United States may tax under Rule 54, which includes fees of the clerk and marshal. 28 U.S.C. § 1920(1). "However, '[w]hile Section 1920 allows for the taxation of costs, the Clerk must initially tax costs.'" Brown, 2023 U.S. Dist. LEXIS 60879 at *19 (quoting Lowe v. STME, LLC, No. 8:18-cv-2667-T-33SPF, 2019 U.S. Dist. LEXIS 108293, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019) (citing Fed. R. Civ. P. 54(d)(1))). Section 1920 further provides that "[a] bill of

costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920.

Here, Plaintiff has not filed a bill of costs associated with this matter for the Clerk to consider. As such, "the proper procedure is for [Plaintiff] to file a verified bill of costs with the Clerk. If the Clerk taxes costs upon the filing of that bill of costs, [Defendant] may object and seek judicial review within five days." Brown, 2023 U.S. Dist. LEXIS 60879 at *19 (quoting Lowe, 2019 U.S. Dist. LEXIS 108293, 2019 WL 2717197, at *3; see also Neurocare Inst. of Cent. Fla., P.A. v. US Cap. Access, Inc., No. 6:13-cv-1233-Orl-31DAB, 2014 U.S. Dist. LEXIS 73909, 2014 WL 12873038, at *5 (M.D. Fla. May 14, 2014), report and recommendation adopted, 2014 U.S. Dist. LEXIS 73910, 2014 WL 12873040 (M.D. Fla. May 30, 2014) (denying without prejudice plaintiff's request to tax costs subject to plaintiff's filing of a bill of costs with the clerk). Consequently, the Court finds that Plaintiff's request for costs relating to the filing fee, service of process, and mailing, is denied without prejudice subject to Plaintiff's filing of a verified bill of costs and sufficient supporting documentation with the Clerk.[4]

---

[4] To the extent Plaintiffs seeks costs related to postage, the Court notes that "postage is not recoverable under § 1920." Brown, 2023 U.S. Dist. LEXIS 60879 at *19 n. 4 (quoting First Home Bank v. Extreme Elecs. Grp., LLC, No. 8:17-cv-02087-EAK-AEP, 2018 U.S. Dist. LEXIS 220454, 2018 WL 4656293, at *4 (M.D. Fla. July 13, 2018) (citing Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996))).

Furthermore, to the extent Plaintiff seeks costs related to service of process, the Court notes that "although 'private service of process is not explicitly provided for in [28 U.S.C. §§ 1920 or 1921], the Court may authorize taxation of such costs *so long as they do not exceed the statutory fees authorized in 28 U.S.C. § 1921.*'" Brown, 2023 U.S. Dist. LEXIS 60879 at *19 n. 4 (quoting Scotlynn USA Div., Inc. v. Cold Ground Transp., LLC, No. 2:15-cv-152-FtM-38CM, 2016 U.S. Dist. LEXIS 142455, 2016 WL

## IV.    CONCLUSION

Upon consideration of the foregoing, it is hereby ORDERED as follows:

1. Plaintiff's Motion for Default Judgment (Dkt. 13) is **GRANTED IN PART and DENIED IN PART**.

2. The Motion is **GRANTED** as to Count I, alleging a violation of the TCPA and seeking statutory damages. The Clerk is directed to enter final judgment in favor of Plaintiff Anthony Fania and against Defendant Verified Docu Service, Inc. as to Count I in Plaintiff's Complaint (Dkt.1) Plaintiff shall be awarded $1,500 in statutory damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

3. The Motion is **DENIED** as to Count II, alleging a willful or knowing violation of the TCPA and seeking treble damages.

4. The Motion is **DENIED WITHOUT PREJUDICE** as to Count III, to the extent Plaintiff seeks an award of statutory damages for Defendant's alleged violation of the FTSA. The Court dismisses Count III without prejudice.

5. The Motion is further **DENIED** as it relates to Plaintiff's request for attorney's fees. However, the Motion is **DENIED WITHOUT PREJUDICE** as it relates to Plaintiff's request for costs, subject to Plaintiff's filing of a bill of costs with the Clerk. Plaintiff shall have **fourteen (14) days** from the date of this Order to file a bill of costs with the Clerk.

---

6066682, at *4 (M.D. Fla. Oct. 14, 2016) (emphasis added) (citing U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000))).

6.  The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of March 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

18